UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                :

OMAR MINUS,                           :
                                :
                     Plaintiff,   :
                                :
           - against -         :
                                :

CITY OF NEW YORK, and JASON   :
MILLER,                         :
                                :
                   Defendants.  :
-------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** ___9/22/2020___

17-CV-4827 (VSB)

**OPINION & ORDER**

Appearances:

Omar Minus
Brooklyn, NY
*Pro se Plaintiff*

Debra M. March
Kavin Suresh Thadani
Maria Fernanda Decastro
Stephanie Michelle Vilella Alonso
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Pro se Plaintiff Omar Minus ("Plaintiff" or "Minus") brings this 42 U.S.C. § 1983 action

asserting a malicious prosecution claim.  Before me is Defendants the City of New York and

Jason Miller's (together "Defendants") motion for summary judgment pursuant to Federal Rule

of Civil Procedure 56.  (Doc. 87.)  Because Defendants' submissions leave no genuine dispute as

to whether Plaintiff can prove the elements of his § 1983 malicious prosecution claim,

Defendants' motion is GRANTED.

## I.      <u>Factual Background</u>[1]

On August 13, 2011, Plaintiff was arrested on various drug-related charges, tampering

with physical evidence, and resisting arrest.  (Def. 56.1 ¶ 11.)[2]  Plaintiff was then charged by

felony complaint with three criminal counts:  (1) criminal possession of a controlled substance in

the third degree, in violation of N.Y. Penal Law § 220.16(1); (2) criminal possession of a

controlled substance in the seventh degree, in violation of N.Y. Penal Law § 220.03; and (3)

resisting arrest, in violation of N.Y. Penal Law § 205.30.  (Def. 56.1 ¶ 13.)  The criminal

complaint stated that on August 13, 2011, Plaintiff was observed (1) handing another individual

a small object in exchange for a sum of money, and (2) in possession of several bags of what

appeared to be crack/cocaine, which Plaintiff attempted to place in his mouth as detectives

approached him.  (Vilella Decl. Ex. G, at 1.)[3]  The criminal complaint also stated that a field test

of the substance in Plaintiff's possession confirmed that the substance contained crack/cocaine.

(*Id.* at 2.; *see also* Ex. F (Property Clerk Invoice noting that article recovered from Plaintiff

contained crack cocaine.)  Plaintiff confirmed during his deposition that he indeed possessed

---

[1] I make these factual findings based upon Defendants' Local Rule 56.1 statement, declarations, and exhibits submitted in connection with summary judgment.  I also cite to allegations in Plaintiff's Complaint.  My reliance on these allegations is for purposes of presenting a coherent factual background, but is not intended to constitute findings of undisputed facts.

[2] "Def. 56.1" refers to Defendants' Local Civil Rule 56.1 statement.  (Doc. 90.)  Plaintiff has been warned of the risks of failing to comply with Local Civil Rule 56.1 and Federal Rule of Civil Procedure 56, (*see* Doc. 88), and "[a] *pro se* plaintiff . . . cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor."  *Belpasso v. Port Auth. of New York & New Jersey*, 400 F. App'x 600, 601 (2d Cir. 2010) (summary order) (citing *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996)).  Despite being warned, Plaintiff failed to (1) file a Local Civil Rule 56.1 statement, (2) file an opposition memorandum, and (3) meet his summary judgment obligations.  However, when a motion for summary judgment is unopposed by a pro se Plaintiff, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  "It must be satisfied that the citation to evidence in the record supports the assertion."  *Id.*  Given this, I adopt as undisputed the material facts in this section of the Opinion & Order because each statement is also supported by an appropriate citation to evidence in the record.

[3] "Vilella Decl." refers to the Declaration of Stephanie Michelle Vilella Alonso in support of Defendants' motion for summary judgment.  (Doc. 89.)

two twist bags of crack cocaine on August 13, 2011.  (Minus Dep. 50:24–51:1.)[4]

Defendants represent that Plaintiff was indicted by a Grand Jury for Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.16(1), which is a felony under New York law.  (Def. 56.1 ¶ 14.)  The exhibit Defendants rely on is not signed and does not appear to be a true bill.[5]  However, previous filings do indicate that Plaintiff was indicted, (Docs. 74-1, 74-2 (Omnibus Decision and Order dated October 26, 2011, entered by Justice Gregory Carro, Supreme Court of the State of New York, New York County, referring to Indictment # 4090/2011 in the matter of *The People of the State of New York v. Minus*, and denying Plaintiff's motion to dismiss the indictment), and Plaintiff's Complaint refers to a Grand Jury proceeding on August 18, 2011 and an "illegal" vote by the Grand Jury against him, (Compl. at 2, 3).[6]  Accordingly, for purposes of this motion I find it undisputed that Plaintiff was indicted by a Grand Jury.

On December 16, 2011, Plaintiff was convicted by a jury of Criminal Possession of a Controlled Substance in the Third Degree pursuant to New York Penal Law § 220.16(1) in the Supreme Court of the State of New York for New York County, and was remanded until sentencing.  (Def. 56.1 ¶ 16; Vilella Decl. Ex. I.)  However, on March 10, 2015, the Supreme Court, Appellate Division, First Department, vacated the conviction finding that Plaintiff was denied a fair trial, and remanded the case for a new trial.  (*See Minus v. Howard*, No. 12-CV-

---

[4] "Minus Dep." refers to the Deposition of Omar Minus, filed as Exhibit B to the Vilella Declaration.  (Doc. 89-2.)

[5] I made a similar observation in my March 30, 2015 Memorandum & Order in Plaintiff's previous case.  (12-CV-9464 (VSB), Mar. 30, 2015 Mem. & Order, at 3 n.5 ("Although Defendants assert in their reply memorandum that Plaintiff was indicted and Plaintiff introduces evidence that his case was before a grand jury, I was unable to find a copy of an actual indictment in the record.").)

[6] Additionally, I recognize that the filing of a felony complaint serves only to commence a criminal action in New York state court, and in order for a felony prosecution to follow, an indictment must be obtained.  *See* N.Y. Crim. Pro. L. § 100.10(5); *id.* § 210.05.

9464 (VSB) (S.D.N.Y. Mar. 31, 2015), ECF No. 66 ("12-CV-9464 (VSB), Mar. 31, 2015 Mem. & Order"); Def. 56.1 ¶ 17;) *see also People v. Minus*, 126 A.D.3d 474, 5 N.Y.S.3d 76 (2015). Specifically, The Appellate Division concluded that the prosecutor's closing argument violated the trial court's pretrial ruling that evidence of a purported hand-to-hand drug transaction involving Plaintiff could only be admitted to explain the police's conduct and could not be admitted as evidence of Plaintiff's guilt. Although the Appellate Division concluded that the conviction was supported by legally sufficient evidence, the court stated that the trial court's "error was not harmless, since there [was] a significant probability that [Minus] would have been acquitted of the possession count if not for the challenged portions of the prosecutor's summations." *Minus*, 126 A.D.3d at 476, 5 N.Y.S.3d at 78. After Plaintiff's criminal case was remanded, the prosecution was ultimately dismissed on September 8, 2016 on speedy trial grounds pursuant to N.Y. C.P.L. § 30.30. (Def. 56.1 ¶ 18.) The prosecution's explanation for the dismissal was as follows:

> The People are conceding 30.30. When the assigned ADA received this transferred case, she reviewed all police witnesses, and investigated whether the case was viable to see whether the evidence still existed, *et cetera*. In doing so, she interviewed police officers who were still with the New York City Police Department in person and determined she could not prove the case without two retired officers. She subpoenaed their contact information from the pension section; and she interviewed them several times, and several times by phone. Initially, they were cooperative and agreed to come back to testify. As time went on, they [] became less so. And the assigned had difficulty getting them to return her calls. Ultimately, one retired police officer had some issues, which may have contributed to his diminished cooperation. Another officer relocated out of the State. As the People could not secure the appearance of those two officers in the last few months, the case could not be re-tried without them; and now, the case is 30.30, just for the record.

(Vilella Decl. Ex. K, 2:13–3:7.)

## II.   **Procedural History**

On December 28, 2012, Plaintiff filed a complaint in this district alleging claims of false

arrest, malicious prosecution, and fabrication of evidence by New York City Police

Detectives Edward Howard ("Howard"), Anthony Bombolino ("Bombolino"), and Jason Miller

("Miller"), *inter alia*.  (12-cv-9464, Doc. 2.)[7]  On March 30, 2015, I entered a Memorandum &

Order granting Howard, Bombolino, and Miller's motion for summary judgment, dismissing all

claims, and in relevant part concluding that Plaintiff's malicious prosecution claim could not

proceed because Plaintiff's prosecution for criminal possession of a controlled substance in the

third degree had not yet been resolved in Plaintiff's favor.  (12-CV-9464 (VSB), Mar. 30, 2015

Mem. & Order.)

After Plaintiff's criminal conviction was vacated and remanded by the First Department,

and prosecution ultimately dismissed on speedy trial grounds, Plaintiff refiled his claims on June

26, 2017 in the instant case, captioned *Minus v. Howard et al.*, 17-cv-4827 (VSB).  (Doc. 2.)

Plaintiff's complaint named as defendants Howard, Bombolino, and Miller, *inter alia*, and

asserted false arrest, excessive force, and malicious prosecution claims pursuant to 42 U.S.C. §

1983.  (*Id.*)  On August 16, 2017, I entered an Order of Service, which concluded under the

doctrine of *res judicata*, or claim preclusion, that it was appropriate to dismiss certain claims

against Howard, Bombolino, and Miller, because the claims were fully adjudicated on the merits

in the 12-CV-9464 (VSB) action.  (*See* Doc. 6 (citing 12-cv-9464 (VSB), Mar. 30, 2015 Mem. &

Order) (holding that Plaintiff's claims for false arrest, malicious prosecution, and fabrication of

evidence failed as a matter of law)).[8]  However, my order concluded that in light of Plaintiff's

successful First Department appeal of his criminal conviction, the malicious prosecution claim

---

[7] Citations to docket 12-cv-9464 refer to documents originally filed in Plaintiff's previous case, *Minus v. Howard*, No. 12-CV-9464 (VSB).

[8] My order also substituted and named as a defendant in this case the City of New York in place of the New York City Police Department.

against Miller related to Plaintiff's prosecution for criminal possession of a controlled substance in the third degree could proceed. (*Id.*)

On November 1, 2019, Defendants filed a motion for summary judgment, supported by a declaration, Local Civil Rule 56.1 statement, and memorandum of law. (Docs. 87, 89, 90, 91.) Defendants provided the pro se Plaintiff with the required Local Civil Rule Summary Judgment Notice. (Doc. 88.) After extending Plaintiff's time to oppose summary judgment, (Docs. 93, 94), and Plaintiff having failed to oppose Defendants' motion, on February 4, 2020 I entered an order deeming Defendants' motion unopposed, (Doc. 95, 97). Plaintiff has still not filed any opposition to Defendants' motion or requested a further extension of the deadline to oppose.

### III.   <u>Legal Standard</u>

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at 256, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). To defeat a summary judgment motion, the

nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In considering a summary judgment motion, a court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation and internal quotation marks omitted); *see also Matsushita*, 475 U.S. at 587.  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied.  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

Pro se litigants are afforded "special solicitude" on motions for summary judgment. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).  Courts read the pleadings, briefs, and opposition papers of pro se litigants "liberally and interpret them 'to raise the strongest arguments that they suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that the submissions of pro se litigants are "held 'to less stringent standards than formal pleadings drafted by lawyers'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).  However, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (stating that the obligation to read pro se pleadings liberally "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment" (citation omitted)).

When a motion for summary judgment is unopposed by a pro se plaintiff, courts may not

grant the motion "without first examining the moving party's submission to determine if it has

met its burden of demonstrating that no material issue of fact remains for trial," and in doing so

"may not rely solely on the statement of undisputed facts contained in the moving party's Rule

56.1 statement." *Vt. Teddy Bear Co.*, 373 F.3d at 244.  To deem a fact undisputed for purposes

of a decision a court "must be satisfied that the citation to evidence in the record supports the

assertion." *Id*.  Ultimately, a district court may grant an unopposed motion for summary

judgment against a pro se plaintiff if:  (1) the pro se plaintiff has received adequate notice that

failure to file a proper opposition may result in dismissal of the case; and (2) the court is satisfied

that "the facts as to which there is no genuine dispute 'show that the moving party is entitled to a

judgment as a matter of law.'"  *See Champion*, 76 F.3d at 485-86 (quoting Fed. R. Civ. P. 56(c)).

## IV.   Discussion[9]

To prove a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must prove

"both a violation of his rights under the Fourth Amendment and the elements of a malicious

prosecution claim under state law." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019)

(internal quotations omitted).  "Federal law defines the elements of a § 1983 malicious

prosecution claim, and [] a State's tort law serves only as a source of persuasive authority rather

than binding precedent in defining these elements." *See Lanning v. City of Glens Falls*, 908 F.3d

19, 25 (2d Cir. 2018).  Under the Fourth Amendment, a malicious prosecution claim requires

proving the "perversion of proper legal procedures implicating [the plaintiff's] personal liberty

and privacy interests[.]" *Id*. at 24.  The elements of a malicious prosecution claim, borrowed

from New York law, are:  "(1) the initiation or continuation of a criminal proceeding against

---

[9] Because this motion is deemed unopposed, I do not have the benefit of Plaintiff's responses to Defendants' Local Civil Rule 56.1 statement.  (*See supra* Part II and Doc. 97.)

8

plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." *Dettelis*, 919 F.3d at 163–64.  Defendants argue that Plaintiff cannot prove the last three elements of his malicious prosecution claim.  Because Plaintiff's underlying criminal proceeding did not terminate in his favor, and because Plaintiff has failed to offer evidence sufficient to demonstrate a genuine dispute of material fact as to a lack of probable cause, Defendants' motion for summary judgment must be granted.[10]

### A.  *Whether the Proceeding Terminated in Plaintiff's Favor*

In *Lanning*, the Second Circuit held that "a plaintiff asserting a malicious prosecution claim under § 1983 must [] show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence."  *Lanning*, 908 F.3d at 22.  This standard requires that "the prosecution terminated in some manner indicating that the person was not guilty of the offense charged," based on the "merits" rather than "on any number of procedural or jurisdictional grounds."  *Id.* at 26, 28 (quoting *Singleton v. City of New York*, 632 F.2d 185, 194–95 (2d Cir. 1980)).  No single type of disposition is necessary or sufficient, but the termination should be "measured in objective terms by examining the totality of the circumstances."  *Id.* at 28.  Here, although Plaintiff was initially convicted by a jury, his conviction was vacated, and his criminal prosecution ultimately dismissed on speedy trial grounds.  I find that under the circumstances the termination is not favorable to Plaintiff, and therefore conclude that he cannot prove the favorable termination element of his malicious prosecution claim.

"Under New York law, a dismissal on speedy trial grounds, where the circumstances are

---

[10] Plaintiff has also entirely failed to present competent summary judgment evidence that could be used to prove that Defendant Miller acted with actual malice.  This is an independent basis on which I would grant Defendants' motion.

9

otherwise not inconsistent with a plaintiff's innocence, has long been established to be a favorable termination."  *Nelson v. City of New York*, No. 18 CIV. 4636 (PAE), 2019 WL 3779420, at *11 (S.D.N.Y. Aug. 9, 2019) (citing *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 199 (2000)); *Murphy v. Lynn*, 118 F.3d 938, 950 (2d Cir. 1997) ("In sum, the body of New York State caselaw, like the decisions of other states, holds that dismissals for lack of timely prosecution should generally be considered, for purposes of a claim of malicious prosecution, a termination favorable to the accused.").  However, after its recent *Lanning* decision, where the Second Circuit articulated the affirmative indication of innocence standard, the Second Circuit has not squarely resolved, and courts in this Circuit have disagreed as to, whether a speedy trial dismissal constitutes a favorable termination under federal law in a Section 1983 malicious prosecution case.  *Compare Alvarez v. Peters*, No. 19-CV-6789, 2020 WL 1808901, at *1 n.5 (E.D.N.Y. Apr. 9, 2020) (finding that speedy trial dismissal is a favorable termination under Section 1983), *Nelson*, 2019 WL 3779420 (same), *and Blount v. City of New York*, No. 15 Civ. 5599 (PKC) (JO), 2019 WL 1050994, at *4–5 (E.D.N.Y. Mar. 5, 2019) (same), *with Roman v. City of New York*, No. 17-CV-2697, 2020 WL 1516336, at *9 (S.D.N.Y. Feb. 4, 2020), *R&R adopted*, 2020 WL 1503639 (recommending dismissal of claim on summary judgment because "[t]ermination of proceedings due to the expiration of time on speedy trial grounds is not a termination in the plaintiff's favor for the purposes of a malicious prosecution claim."), *McKeefry v. Town of Bedford*, No. 18-CV-10386 (CS), 2019 WL 6498312, at *8 (S.D.N.Y. Dec. 2, 2019), *appeal dismissed* (May 20, 2020) ("[I]t appears to this Court that the *Lanning* court's directive that 'where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for that claim,' *Lanning*, 908 F.3d at 28–29 (alterations omitted), would similarly apply to speedy trial

10

dismissals."), *Roger v. Cty. of Suffolk*, No. 13-CV-5290(JS)(ARL), 2020 WL 2063415, at *2
(E.D.N.Y. Apr. 29, 2020) ("This Court agrees with the line of cases holding that a speedy trial
dismissal is not a favorable termination because it does not affirmatively indicate Plaintiff's
innocence, as required under Section 1983." (quotation marks omitted)), *and Thompson v. City
of New York*, No. 17 Civ. 3064 (DLC), 2019 WL 162662, at *4 (S.D.N.Y. Jan. 10, 2019) (finding
that "[t]he dismissal of [plaintiff's] case on speedy trial grounds does not affirmatively indicate
his innocence, as required under Section 1983"). !

> After reviewing the relevant precedent, I find more persuasive the line of cases
concluding that a speedy trial dismissal does not constitute favorable termination for Section
1983 purposes, particularly under the circumstances of this case.  The most detailed examination
of the relevant precedent in favor of the competing view is Judge Paul A. Engelmayer's recent
decision in *Nelson v. City of New York*, No. 18 CIV. 4636 (PAE), 2019 WL 3779420 (S.D.N.Y.
Aug. 9, 2019).  In *Nelson*, Judge Engelmayer discussed the Second Circuit's *Murphy v. Lynn*,
118 F.3d 938 (2d Cir. 1997), decision, in which the Second Circuit concluded that the New York
Court of Appeals would view, for purposes of New York state law, a "dismissal[] for lack of
timely prosecution . . . a termination favorable to the accused."  *Id*. at 950.  Relying on New
York law and the Restatement Second of Torts, *Murphy* reasoned that a "failure to prosecute in a
timely fashion . . . compels an inference of such an unwillingness or inability to do so as to imply
a lack of reasonable grounds for the prosecution" and that viewing a speedy trial dismissal as
other than favorable would unfairly compel "one charged with a criminal offense to waive his
constitutional or statutory right to a speedy trial in order to preserve his right to civil retribution
for a demonstrated wrong."  *Id*. at a 949–50 (internal quotation marks and citations omitted).
Judge Engelmayer's *Nelson* opinion noted "strong indications in *Lanning* that the Second

Circuit," 2019 WL 3779420, at *12, intended to preserve the holding of *Murphy* for Section

1983 claims, in particular noting footnote 6 of the *Lanning* decision, which states the following:

> *Smith-Hunter*, in holding that the dismissal of a prosecution on speedy trial grounds
> is a favorable termination although neutral with respect to guilt or innocence, still
> reflects the traditional common law.  *See* Restatement § 660 cmt. d (principle that
> abandonment of a prosecution following certain types of misconduct by the accused
> is not a favorable termination does "[n]ot include[ ]" terminations due to "claims
> of constitutional or other privilege"); *see also Murphy*, 118 F.3d at 949–50.

*Lanning*, 908 F.3d at 28 n.6.  However, my review of *Lanning* and *Murphy* suggests that these

cases cannot be squared with each other, and that the *Lanning* footnote is too imprecise in light

of *Lanning*'s other observations, leading to the conclusion that a speedy trial dismissal is not a

favorable termination for purposes of a Section 1983 claim without an affirmative indication of

the accused's innocence.

   First, the *Murphy* decision is primarily based on logic from New York Appellate Division

cases that is directly contradicted by *Lanning*.  *Murphy*'s logic begins by stating that "[w]here

the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused .

. . only when its final disposition is such as to indicate the innocence of the accused."  *Murphy*,

118 F.3d at 948.  *Murphy* proceeds by stating that "[t]he answer to whether the termination is

indicative of innocence depends on the nature and circumstances of the termination; the

dispositive inquiry [being] whether the failure to proceed 'impl[ies] a lack of reasonable grounds

for the prosecution.'"  *Id.* (quoting *Loeb v. Teitelbaum*, 77 A.D.2d 92, 101, 432 N.Y.S.2d 487,

494 (2d Dep't 1980)).  *Murphy* then introduces the following premise:  "'the failure to proceed to

the merits compels an inference of such an unwillingness or inability to do so as to imply a lack

of reasonable grounds for the prosecution.'"  *Id.* at 949–50 (quoting *Loeb*, 77 A.D.2d at 101, 432

N.Y.S.2d at 494); *see also id.* at 950 ("These intermediate appellate decisions have analyzed the

nature of . . . speedy-trial dismissals in the same manner as the state's highest court has analyzed

other dismissals.  *Compare Heaney v. Purdy*, 324 N.Y.S.2d [47,] 49 [(N.Y. 1971)] (to be

favorable, the disposition must "fairly impl(y) lack of a reasonable ground for the prosecution"

(internal quotation marks omitted)), *and Halberstadt v. New York Life Insurance Co*., 194 N.Y.

[1,] 11 (1909) (same), *with Loeb*, 432 N.Y.S.2d at 494 ("the failure to proceed to the merits

compels an inference of such an unwillingness or inability to do so as to imply a lack of

reasonable grounds for the prosecution"), *and Vitellaro v. Eagle Insurance Co*., 541 N.Y.S.2d

[614,] 615 [(2d Dep't 1989)] (speedy-trial dismissal is favorable to accused "because it implies a

lack of reasonable ground for the prosecution").  However, *Lanning* is explicit in negating this

premise, and therefore in rejecting *Murphy*'s logic:

> When a person has been arrested and indicted, absent an affirmative indication that
> the person is innocent of the offense charged, the government's failure to proceed
> does not necessarily "impl[y] a lack of reasonable grounds for the prosecution."

*Lanning*, 908 F.3d at 28 (quoting *Conway v. Village of Mount Kisco*, 750 F.2d 205, 215 (2d Cir.

1984)).  Accordingly, in the wake of *Lanning*, I do not agree with the holding in *Nelson* and find

that courts should no longer rely on *Murphy*'s assumption that the prosecution's "failure to

proceed to the merits . . . impl[ies] a lack of reasonable grounds for the prosecution" and

therefore suggests a favorable termination, but should instead look to affirmative indications of

innocence to conclude that a termination is favorable to the accused.

     In addition to its logic, *Murphy* relies on a comment in the Restatement Second of Torts,

also cited in *Lanning*, for its conclusion that a speedy trial dismissal constitutes a favorable

termination.  However, I find the readings of the Restatement in both *Murphy* and *Lanning* to be

imprecise and contradicted by other observations in *Lanning*.  *Murphy* stated as follows:

> The matter of whether the prosecution's effective abandonment of a prosecution,
> resulting in a termination "with prejudice" and thus foreclosing a new prosecution
> of the accused on the same charges, constitutes a termination favorable to the
> accused for purposes of a malicious prosecution claim generally depends on the

cause of the abandonment.  The prevailing view is that if the abandonment was the result of a compromise to which the accused agreed, or an act of mercy requested or accepted by the accused, or misconduct by the accused, it is not a termination in favor of the accused for purposes of a malicious prosecution claim.  *See, e.g.*, Restatement § 660 . . . An abandonment brought about by the accused's assertion of a constitutional or other privilege, however, such as the right to a speedy trial, does not fall within these categories, for the accused should not be required to relinquish such a privilege in order to vindicate his right to be free from malicious prosecution.  *See, e.g.*, . . . Restatement § 660 comment d.

*Murphy*, 118 F.3d at 949.[11]  *Lanning* similarly cites § 660 comment d, stating that the "principle that [the] abandonment of a prosecution following certain types of misconduct by the accused is not a favorable termination does '[n]ot include[ ]' terminations due to 'claims of constitutional or other privilege.'"  *Lanning*, 908 F.3d at 27 n.6 (quoting Restatement § 660 cmt. d).  The immediately preceding section of the Restatement specifies instances in which "criminal proceedings are terminated in favor of the accused," including, *inter alia*, "the formal abandonment of the proceedings by the public prosecutor," such as entry of a nolle prosequi or motion to dismiss the complaint.  Restatement § 659 & cmt. e.  The Restatement further provides that Section 559 "should be read together with []§ 660 . . . , which deal[s] with exceptional situations in which the termination of the proceeding is indecisive and not in favor of the accused."  *Id.* cmt. a.  Thus, the Restatement's observation in Section 660, comment d—styled as an exception to an exception—is not a pronouncement that terminations on constitutional grounds necessarily favor the accused.  Instead, this comment merely notes that terminations due to constitutional or other privileges are exempted from the generally unfavorable terminations brought on by the accused to avoid trial.

Notably, the comments in Section 660 reaffirm that "[p]roceedings are 'terminated in

---

[11] *Murphy* further notes that "to view a dismissal for failure to prosecute within the time allowed as a termination not favorable to the accused would have the effect of unfairly compelling one charged with a criminal offense to waive his constitutional or statutory right to a speedy trial in order to preserve his right to civil retribution for a demonstrated wrong." *Murphy*, 118 F.3d at 949–50 (internal quotations and citation omitted).

favor of the accused,' as that phrase is used [in the Restatement's malicious prosecution] Topic, only when their final disposition is such as to indicate the innocence of the accused." *Id.* § 660 cmt. a.  The Second Circuit similarly made this observation in *Lanning* when observing that the New York Court of Appeals deviated from "the traditional common law of torts, which, as reflected in the Restatement, requires that a favorable termination affirmatively indicate the innocence of the accused," when New York's highest court concluded that a termination could be deemed favorable so long as a dismissal was "'not inconsistent with . . . innocence.'" *Lanning*, 908 F.3d 19, 27–28 (quoting *Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001)).  For this reason, and because *Lanning* is explicit in requiring circumstances "affirmatively indicating [a Plaintiff's] innocence" to satisfy the favorable termination element, *id.* at 22, *Lanning*'s footnote 6, stating that the New York Court of Appeal's holding in *Smith-Hunter*—"that the dismissal of a prosecution on speedy trial grounds is a favorable termination although neutral with respect to guilt or innocence"—"still reflects the traditional common law," is contradicted by *Lanning* itself.  *Id.* at 27 n.6.  Because, what is "neutral with respect to guilt or innocence" cannot "affirmatively indicat[e] [a Plaintiff's] innocence," and *Lanning* is explicit in stating that "where a dismissal . . . 'leaves the question of guilt or innocence unanswered[,] . . . it cannot provide the favorable termination required as the basis for [that] claim.'"  908 F.3d at 28–29 (quoting *Hygh v. Jacobs*, 961 F.2d 359, 367–68 (2d Cir. 1992)).

To be clear, I do not hold here that a speedy trial dismissal can never be favorable to the accused; instead, a court should examine the circumstances of the speedy trial dismissal for affirmative indications of the Plaintiff's innocence, "measured in objective terms by examining the totality of the circumstances." *Id.* at 28; *see also Thompson v. Clark*, 794 F. App'x 140, 141–42 (2d Cir. 2020) (stating that *Lanning* requires "affirmative indications of innocence to establish

favorable termination," and that in *Lanning*, "the complaint did not specify a basis for the dismissal," and affirming dismissal of malicious prosecution claim noting that "neither the prosecution nor the court provided any specific reasons about the dismissal on the record," and that defense counsel "was unable to point to any affirmative indication of innocence"). This makes sense since as a practical matter a favorable determination logically requires some notion that a defendant did not commit the crime of which she was accused, *i.e.*, some evidence of innocence.

In this case, Plaintiff has not identified any affirmative indications of innocence, and the state court record dispels any contention that Plaintiff's "prosecution terminated in some manner indicating that [he] was not guilty of the offense charged," based on the "merits" rather than "on [a] procedural [] ground[]." *Lanning*, 908 F.3d at 26, 28 (quoting *Singleton*, 632 F.2d at 194–95). First, Plaintiff was initially convicted by a unanimous jury verdict, and the First Department found on appeal "that the verdict was based on legally sufficient evidence" despite a fair trial concern which prompted the vacating of the verdict. *Minus*, 126 A.D.3d at 476, 5 N.Y.S.3d at 78. Second, the prosecution's statements leading up to the speedy trial dismissal do not affirmatively indicate Plaintiff's innocence, rather, the statements indicate that the failure to timely bring the prosecution resulted from the prosecutor's inability to secure the appearances of necessary witnesses for the retrial. (Vilella Decl. Ex. K, 2:13–3:7.) Indeed, the prosecutor conceding the speedy trial issue noted that after the case was remanded for retrial, the assigned ADA "reviewed all police witnesses, and investigated whether the case was viable to see whether the evidence still existed," (*id.*), and determined that the prosecution could proceed with the cooperation of certain retired NYPD officers. These circumstances do not reveal evidence of Plaintiff's innocence, and therefore Plaintiff cannot prove the favorable termination element of

his malicious prosecution claim.

### B.  *Lack of Probable Cause*

Because lack of probable cause is an element of the cause of action, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)).  An "indictment by a grand jury creates a presumption of probable cause," which "may be rebutted only 'by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'"  *Id.* (quoting *Savino*, 331 F.3d at 72); *see also Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004) ("The grand jury's . . . indictment presumptively established . . . probable cause.  [Plaintiff] was required to rebut that presumption by proving fraud, perjury, suppression of evidence or other misconduct in the grand jury.").  "The burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'"  *Rothstein*, 373 F.3d at 284 (quoting *Colon*, 455 N.E.2d at 1250); *see also Savino*, 331 F.3d at 73 ("[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." (citing *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994))).  Therefore, where a plaintiff has been indicted on the charge that forms the basis of a malicious prosecution claim, "[i]n order to survive a motion for summary judgment . . . [the plaintiff] must have submitted evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith."  *Savino*, 331 F.3d at 73.

Here, by failing to oppose Defendants' motion for summary judgment, and failing to file

a Local Civil Rule 56.1 statement with supporting evidence, Plaintiff has not submitted any

evidence as to Miller's participation in the Grand Jury process that could be used to rebut the

presumption of probable cause created by the Grand Jury indictment.  "Accordingly, defendants

are entitled to summary judgment on plaintiff['s] malicious prosecution claim[], because

plaintiff[] ha[s] not submitted sufficient evidence of fabrication, falsification, or suppression of

evidence, or of any other bad faith conduct, in connection with the procurement of plaintiff['s]

indictment[]."  *McClennon v. New York City*, No. 13-CV-128(KAM)(SMG), 2018 WL 2943565,

at *20 (E.D.N.Y. June 11, 2018).

## V.    <u>Conclusion</u>

Because Plaintiff has failed to set forth any facts showing that there is a genuine dispute

for trial regarding his § 1983 malicious prosecution claim, I need not reach the questions of

whether Miller is entitled to qualified immunity on this claim, or whether the City of New York

is subject to municipal liability.  For the foregoing reasons, Defendants' motion for summary

judgment is GRANTED.  The Clerk of Court is respectfully directed to terminate the open

motion at Document 87, and is further directed to close this case.  The Clerk is also directed to

mail a copy of this Opinion & Order to the pro se Plaintiff.

SO ORDERED.

Dated:  September 22, 2020
          New York, New York

Vernon S. Broderick
United States District Judge